**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| Kevin Long,<br><br>   Plaintiff,<br>v.<br><br>McMullen & Drury P.A.; and<br>DOES 1-10, inclusive,<br><br>   Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Kevin Long, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kevin Long ("Plaintiff"), is an adult individual residing in Abingdon, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant McMullen & Drury P.A. ("M&D"), is a Maryland business entity with an address of 1504 East Joppa Road, Towson, Maryland 21286-5911, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by M&D and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. M&D at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $130.00 (the "Debt") to Monmouth Meadows Homeowner's Association, Inc. (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to M&D for collection, or M&D was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. M&D Engages in Harassment and Abusive Tactics

12. M&D contacted the Plaintiff in an attempt to collect the Debt.

13. M&D is attempting to collect additional interest and fees in violation of the Debt agreement.

14. M&D threatened to place a lien on the Plaintiff's property.  To date, no such action has occurred.

### C. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

17. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with attachment of his property if the Debt was not paid.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

28. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with threats to place liens on the Plaintiff's property and adding interest and fees to the Debt.

29. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

30. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiff is entitled to actual

damages in an amount to be determined at trial from the Defendants.

## COUNT III
## VIOLATION OF LICENSING REQUIREMENTS FOR COLLECTION AGENCIES
## MD. ANN. CODE BUS. REG. § 7-101 et seq.

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendant McMullen & Drury P.A. is a "collection agency" as defined by Md. Ann. Code. Bus. Reg. § 7-101(c).

34.     As a collection agency doing business within the state of Maryland, the Defendant is required to obtain a license under MD. Ann. Code. Bus. Reg. § 7-301(a) and to execute a surety bond under MD. Ann. Code. Bus. Reg. § 7-304(a).

35.     The Defendant is not in good standing and its license status is marked "forfeited" for "failure to file property return for 2008," as indicated by the Maryland Department of Assessments and Taxation.

36.     Under MD. Ann. Code. Bus. Reg. § 7-401(a), a person may not willfully or knowingly do business as a collection agency unless properly licensed.

37.     The Defendant is subject to the penalties imposed under MD. Ann. Code. Bus. Reg. § 7-401(b) for failure to obtain a license while doing business as collection agency in the state of Maryland and the Plaintiff is, therefore, entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

7. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated:  June 4, 2010

        Respectfully submitted,

        By  /s/ Forrest E. Mays

        Forrest E. Mays (Bar No. 07510)
        2341 N Forrest Drive, Suite 90
        Annapolis, MD  21403
        Telephone: (410) 267-6297
        Facsimile: (410) 267-6234
        Email: mayslaw@mac.com

        Of Counsel To
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (877) 795-3666
        ATTORNEYS FOR PLAINTIFF